UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEVA REID,                              )
                                        )
        Plaintiff                       )
                                        )
v.                                      )   NO.  3:09-0668
                                        )   Judge Campbell/Brown
METRO POLICE DEPARTMENT OF              )
NASHVILLE, MONTY RAY TESTER,            )
SERGEANT KEVIN SHEARON,                 )
OFFICER GREGORY JONES                   )
and OFFICE TAYLOR,                      )
                                        )
        Defendants                      )

## O R D E R

Presently pending is the Plaintiff's motion for appointment of counsel (Docket Entry 3). This motion is **DENIED**. The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstances exist.

The Magistrate Judge understands the difficulty the Plaintiff may have proceeding *pro se* in this case. It is possible

she could obtain legal assistance through the Legal Aid Society, telephone number 615-244-6610, or obtain the name of a possible attorney through the Nashville Bar Association, telephone number 615-242-6546.

At the present time the Metropolitan Police Department, Sergeant Shearon, and Officer Jones have filed motions to dismiss (Docket Entry 12). The United States Marshal has not been able to obtain service of process on Officer Taylor and from reading the proceedings it appears that Officer Taylor's name may have simply been mistyped into a letter provided to the Plaintiff by the Police Department. If the use of Officer Taylor's name in this letter was an error, the Defendant Metropolitan Police Department should promptly advise the Plaintiff and the Court of that fact so that efforts to serve Officer Taylor can be terminated.

It appears that Mr. Tester was served on August 5, 2009. Mr. Tester has not yet filed any pleadings in this matter and is not, at the present time, represented by counsel. Mr. Tester is warned that failure to respond can result in a default judgment being entered against him.

Plaintiff should respond to the present motion to dismiss (Docket Entry 12) or move to amend her complaint to name the Metropolitan Government as a defendant on or before **September 30, 2009.**

2

A case management conference to discuss all pending motions and the possibility of entering a scheduling order is set for **Monday, October 5, 2009, at 10:00 a.m. in courtroom 783**, **801 Broadway, Nashville, Tennessee**.

It is so **ORDERED**.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge