IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVA REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | Case No.3:09-cv-00668 |
| METRO POLICE DEPARTMENT OF ) | Judge Campbell/Brown |
| NASHVILLE; MONTY RAY TESTER; ) | **Jury Demand** |
| SERGEANT KEVIN SHEARON; ) | |
| OFFICER GREGORY JONES; and ) | |
| OFFICER TAYLOR ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Todd J. Campbell

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge are the Motion to Dismiss filed by

Defendants Metro Police Department, Shearon, and Jones (the "Metro Defendants")[1] (DE 12),

Plaintiff's Response (DE 24), and the Metro Defendants' Reply to Plaintiff's Response (DE 25).[2]

For the reasons stated below, the undersigned **RECOMMENDS** that the Metro

Defendants' motion to dismiss be **GRANTED** and that this action be **DISMISSED** with

---

[1] An "Officer Taylor" is identified as a defendant in this matter, but it appears that no Officer Taylor was involved in this matter. The Metro Defendants have indicated that the reference to "Officer Taylor" was a typographical error. (Docket Entry 15).

[2] The Magistrate Judge has disregarded the factual allegations contained in Plaintiff's Response. Plaintiff may not amend her complaint in her response to the Metro Defendants' Motion to Dismiss. Even considering these additional allegations, however, the Plaintiff's claim should still be dismissed for the reasons discussed below.

prejudice. The undersigned further **RECOMMENDS** that the action against Defendant Tester be **DISMISSED** without prejudice for lack of jurisdiction.

## I. INTRODUCTION

The Plaintiff, a resident of Antioch, Tennessee, brings this *pro se* action *in forma pauperis* alleging Defendants violated her civil rights under 42 U.S.C. § 1983. This action was referred to the Magistrate Judge on July 22 2009, for report and recommendation on any dispositive motions. (Docket Entry 5).

## II. BACKGROUND

On December 10, 2008, the Plaintiff was struck by Defendant Monty Tester's vehicle in Nashville, TN. The accident was investigated by Defendant Gregory Jones of the Metropolitan Police Department of Nashville. Defendant Tester was cited for driving without insurance, but no other citations were issued. Plaintiff alleges that Defendants Metropolitan Police Department, Shearon, Jones, and Taylor (the "Metro Defendants") failed to adequately investigate the accident because of her race, sex, and age.[3] Specifically, she alleges that the Police Department Defendants disregarded and/or failed to take the statement of an eyewitness, Gary Tunks, who claimed Defendant Tester sped up before hitting the Plaintiff. Plaintiff also alleges that the Metro Defendants did not visit her in the hospital to take her statement and did not arrest Defendant Tester because he is white. Plaintiff seeks damages, the conviction of Defendant Tester for striking her and the seizure his license, and penalties against Defendants Shearon and Jones. The Metro Defendants have moved to dismiss the complaint against them. (Docket Entry 12).

---

[3] Plaintiff makes no factual allegations regarding age discrimination in her complaint. Age discrimination is cited only in Plaintiff's grounds for the suit. (Docket Entry 1).

## III. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

### B. Section 1983 Claims

Section 1983 creates a federal cause of action when state or local officials deprive a person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To assert a claim under § 1983, the Plaintiff "must establish: (1) that [she] was

deprived of a right secured by the Constitution or laws of the United States, and (2) that [she] was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Moreover, when asserting a § 1983 claim against a municipality, "a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). A municipality may not be held liable under a *respondeat superior* theory; the municipality may not be sued based solely on the actions of its employees or agents. *Id.*

As an initial matter, the Metro Police Department is not an entity capable of being sued under § 1983. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Plaintiff is proceeding *pro se*, however, the Magistrate Judge has construed her complaint as an attempt to state a claim against the Metropolitan Government of Nashville.[4] Plaintiff may assert a § 1983 claim against the individual officers, however, acting in their official capacities, so long as the allegations are otherwise sufficient.

Plaintiff's complaint, construed liberally, does not allege that she was deprived of a right by the Defendants. Her allegations of race and gender discrimination are conclusory and not actionable. *See Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985) ("A pleading will not be sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions."). Plaintiff does not point to any word or act by the Metro Defendants supporting

---

[4] Plaintiff was also advised to amend her complaint to name the Metropolitan Government as a defendant on August 27, 2009. (Docket Entry 14).

4

her conclusion that the Metro Defendants discriminated against her and deprived her of a right based on her race or gender. Instead, Plaintiff alleges that: (1) the police failed to take her statement and/or visit her in the hospital; (2) the police failed to take a statement from eyewitness Gary Tunks; (3) she was charged with "vehicular damage;" (4) the police failed to test Defendant Tester for blood alcohol level; and (5) Defendant Shearon acted arrogantly toward her. (Docket Entry 1).

At most, Plaintiff has alleged that the Metro Defendants were negligent in failing to adequately investigate the accident. Negligent conduct, however, is not actionable under § 1983, as it does not rise to the level of a constitutional deprivation. *See Lewellen v. Metropolitan Gov't of Nashville & Davidson Co., Tenn.*, 34 F.3d 345 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.").[5] Thus, Plaintiff's § 1983 claims against the Metro Defendants should be dismissed.

### C. Subject-Matter Jurisdiction as to Defendant Tester

The Court has a duty to review *sua sponte* whether an individual defendant is subject to the jurisdiction of the federal court. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff's claims here are predicated on federal question jurisdiction under § 1983. Defendant Tester, however, is not a "person acting under color of state law." Plaintiff and Defendant Tester are both residents of Tennessee, so the action cannot be maintained under diversity jurisdiction. *See* 28 U.S.C. § 1332. Therefore, Plaintiff's action in this court against Defendant Tester should

---

[5] There is no indication the Metro Defendants prevented the Plaintiff from asking the local grand jury to return a presentment against Mr. Tester under Tenn. Code Ann. § 40-12-104 or from requesting the District Attorney to seek an indictment.

5

be dismissed without prejudice to being refiled in state court on any available claim, such as tort damages.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Metro Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED** with prejudice. The undersigned further **RECOMMENDS** that the action against Defendant Tester be **DISMISSED** without prejudice for lack of jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 8th day of December, 2009.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge